UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONELL THOLMER,<br>CDCR #D–72928,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>PATRICK COVELLO, Warden, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:19-cv-01091-DMS-JLB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO WITHDRAW AND DENYING THIRD MOTION FOR PRELIMINARY INJUNCTIVE RELIEF AS MOOT**<br><br>**[ECF Nos. 20, 22]** |

Plaintiff Lionell Tholmer, currently incarcerated at Mule Creek State Prison, in Ione, California, is proceeding pro se in this civil rights action, which he first filed on June 11, 2019, while he was incarcerated at Richard J. Donovan Correctional Facility in San Diego ("RJD"), and pursuant to 42 U.S.C. § 1983 (*See* Compl., ECF No. 1.)

**I.　Procedural History**

At the time he submitted his Complaint, Tholmer did not prepay the $400 filing fee required by 28 U.S.C. § 1914(a); instead, he filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a), followed by separate motions seeking injunctive relief and pretrial discovery. (*See* ECF Nos. 2, 6, 8, 10.)

On July 30, 2019, the Court granted Tholmer leave to proceed IFP, conducted its mandatory initial screening of his Complaint, dismissed it *sua sponte* for failing to state a

claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and denied his other motions. (*See* ECF No. 11 at 25-26.)[1] The Court also granted Tholmer leave in which to file an amended complaint that addressed all the deficiencies of pleading it identified. (*Id.* at 11-21, 25); *see also Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured.") (citations omitted)).

On September 9, 2019, and before his amended complaint was due, Tholmer filed a motion requesting an extension of time in which to amend, claiming he needed more time in this case "as a result of [his] responsibilities" in another case he had pending in the Ninth Circuit. (*See* ECF No. 12 at 1.) On September 12, 2019, this Court granted Tholmer's motion and gave him until October 18, 2019, in which to file his amended complaint. (*See* ECF No. 13). The Court explicitly advised Tholmer that "[n]o further extensions of time w[ould] be granted, however, unless [he] demonstrate[d] good cause based on circumstances beyond his own control." (*Id.* at 3.)

On October 18, 2019, Tholmer filed a second motion for extension of time—again citing only his need to comply with deadlines set by the Ninth Circuit in *Tholmer v. Covello, et al.,* Appeal No. 19-71827 (9th Cir. July 22, 2019). (*See* ECF No. 14 at 1-2.) Tholmer then submitted a letter claiming his legal and personal property has been "stolen" by two RJD officers. (*See* ECF No. 16 at 1.)

Based in part of his letter, on November 11, 2019, the Court granted Tholmer's second request for extension of time, and reiterated that no further extensions would be granted. (*See* ECF No. 17). A week later, Tholmer filed a third motion seeking

---

[1] The Court granted Tholmer's IFP Motion despite his documented history as a vexatious litigant because his initial Complaint, while insufficient to state a claim upon which § 1983 relief could be granted, when considered together with his motions for preliminary injunctive relief, included plausible claims of "imminent danger of serious physical injury" pursuant to 28 U.S.C. § 1915(g). (*See* ECF No. 11 at 4–5 & n.3.)

preliminary injunctive relief (ECF No. 20), but no amended complaint. Instead, and after the time granted for amendment had again elapsed, he filed a "Motion to Withdraw." (*See* ECF No. 22).

## II. Motion to Withdraw

In this Motion, Tholmer now asks the Court to dismiss his case without prejudice, claiming that his personal files and "records related to the instant civil rights complaint" have either been delayed or have gone missing as a result of his transfer from RJD, and that he "does not have sufficient information or facts to attest under penalty of perjury." (*Id.* at 3.) Tholmer further concedes he cannot yet assess whether he "is or is not still in imminent danger." (*Id.*)

Federal Rule of Civil Procedure 41(a)(1)(A) provides that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Here, while Tholmer's "Motion to Withdraw" is not formally captioned as a Notice for Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A), that is what he clearly seeks. *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints."); *Christensen v. CIR*, 786 F.2d 1382, 1384 (9th Cir. 1986) (construing pro se taxpayer's motion to "place statements in the record" as a motion for leave to amend).

"The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice.... Such a dismissal leaves the parties as though no action had been brought." *Am. Soccer Co. v. Score First Enterprises, a Div. of Kevlar Indus.*, 187 F.3d 1108, 1110 (9th Cir. 1999) (citing *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997) (citations and footnote omitted)). Thus, because Tholmer has notified the Court that he does not wish to pursue civil litigation at this time, no party has yet to be served with any valid pleading, and no answer or motion for summary judgment has yet to be filed, voluntary dismissal

pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) is appropriate.

Tholmer is cautioned, however, that because he is a prisoner and has brought this civil action IFP pursuant to 28 U.S.C. § 1915(a), he remains "required to pay the full amount of a filing fee" pursuant to 28 U.S.C. § 1915(b)(1) and (2). (*See* ECF No. 11 at 3–4, 25.) Moreover, because the Court has already found his allegations insufficient to state any plausible claim upon which § 1983 relief can be granted, the dismissal of this action is without prejudice except that it *may* be counted as an additional "strike" against him under 28 U.S.C. § 1915(g) should he remain incarcerated and seek to proceed in forma pauperis in future litigation. *See Harris v. Mangum,* 863 F.3d 1133, 1143 (9th Cir. 2017) ("A prisoner may not avoid incurring strikes simply by declining to take advantage of [an] opportunity to amend."). "[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, and (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)." *Id.*

### III. Conclusion and Orders

Accordingly, the Court **GRANTS** Plaintiff's Motion to Withdraw (ECF No. 22), **DENIES** his Third Motion for Preliminary Injunctive Relief (ECF No. 20) as moot, and **DIRECTS** the Clerk of the Court to enter a judgment of voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(i), and to close the file.

**IT IS SO ORDERED**.

Dated: January 19, 2020

Hon. Dana M. Sabraw
United States District Judge